Law Office of Richard H. Flaaen
Richard H. Flaaen (AZ State Bar No. 007386)
20280 N. 59th Avenue, Ste. 115-738
Glendale, Arizona  85308
Phone: (623) 826-4735
rflaaen@aol.com

Attorney for Defendant Marc Puskas

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K-BEECH, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARC PUSKAS and DAVID BROOKHOUSER,<br><br>　　　　　　　　　Defendants.<br>_____<br>MARC PUSKAS,<br><br>　　　　　　　　　Counterclaimant,<br><br>vs.<br><br>K-BEECH, INC.,<br><br>　　　　　　　　　Counterdefendant. | Case No. 2:11-cv-01601-FJM<br><br>**SEPARATE ANSWER OF DEFENDANT MARC PUSKAS**<br><br>**AND**<br><br>**COUNTERCLAIM**<br><br>**(Demand for Jury Trial)** |

Defendant Marc Puskas (hereinafter "Puskas"), by and through his attorney undersigned, hereby answers Plaintiff's Complaint in the above captioned matter as follows:

　　　1.　　In response to Paragraphs 1 and 2 of the Amended Complaint, Defendant Puskas admits Plaintiff's action is brought under the 17 U.S.C. §§ 101 et. seq., and alleges Defendant

1

Puskas has committed direct and contributory copyright infringement.  Defendant Puskas denies he has committed either direct or contributory copy right infringement and denies all remaining allegations set forth in Paragraphs 1 and 2 of the Amended Complaint not expressly admitted herein.

2. In response to Paragraphs 3, 4 and 5 of the Amended Complaint, Defendant Puskas admits jurisdiction and venue of this action lies with this Court.  Defendant Puskas denies all remaining allegations set forth in Paragraphs 3, 4 and 5 of the Amended Complaint not expressly admitted herein.

3. In response to Paragraphs 6, 8, 9 and 10 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, therefore, denies each and every allegation set forth therein.

4. In response to Paragraph 7 of the Amended Complaint, Defendant Puskas admits he is an individual and that his current residence is 8546 W. Gross Avenue, Tolleson, Arizona, 85353.  Defendant Puskas denies all remaining allegations set forth in Paragraph 7 of the Amended Complaint not expressly admitted herein.

5. In response to Paragraph 11 of the Amended Complaint, Defendant Puskas denies each and every allegation set forth therein.

6. In response to Paragraphs 12, 13, 14 and 15 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the truth to the allegations set forth therein and, therefore, denies each and every allegation set forth therein.

7. In response to Paragraph 16 of the Amended Complaint, Defendant Puskas denies that he installed a BitTorrent Client onto his computer.  Defendant Puskas is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 16 and, therefore, denies all remaining allegations set forth therein.

8. In response to Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

9. In response to Paragraph 28 of the Amended Complaint, Defendant Puskas denies he went to a torrent site to upload and download Plaintiff's copyrighted work. Defendant Puskas is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 28 and, therefore, denies all remaining allegations set forth therein.

10. In response to Paragraphs 29, 30, 31 and 32 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

11. In response to Paragraph 33 of the Amended Complaint, Defendant Puskas denies participating in a "swarm" with any other defendants or persons, and denies interacting or communicating with any other defendants through digital handshakes, the passing along of computer instructions, uploading and downloading, or any other transmissions. Defendant Puskas is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 33 and, therefore, denies all remaining allegations set forth therein.

12. In response to Paragraphs 34, 35, 36, 37, 38 and 39 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein. Defendant Puskas expressly denies copying or transmitting to others any of Plaintiff's work, copyrighted or not.

13. In response to Paragraphs 40 of the Amended Complaint, Defendant Puskas denies using his computer to access or transmit a full copy or any portion of Plaintiff's work, copyrighted or not. Puskas is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 40 and, therefore, denies all remaining allegations set forth therein.

14. In response to Paragraphs 41, 42, 43 and 44 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein. Defendant Puskas expressly denies copying or transmitting to others any of Plaintiff's work, copyrighted or not.

15. In response to Paragraph 45 of the Amended Complaint, Defendant Puskas hereby reaffirms each response previously made to Paragraphs 1 through 44 as if set forth fully herein.

16. In response to Paragraph 46 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

17. In response to Paragraph 47 of the Amended Complaint, Defendant Puskas denies using the BitTorrent protocol and a BitTorrent client, or any other means, to copy, transmit or share all or any part of Plaintiff's work, copyrighted or not, including, but not limited to, the registered Work identified in the Amended Complaint. Puskas is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 47 and, therefore, denies all remaining allegations set forth therein.

18. In response to Paragraph 48 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

19. In response to Paragraph 49 of the Amended Complaint, Defendant Puskas denies each and every allegation contained therein as relates to Defendant Puskas. In response to allegations against other defendants as alleged in Paragraph 49 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to those allegations and, therefore, denies each and every said allegation.

20. In response to Paragraphs 50 and 51 of the Amended Complaint, Defendant Puskas denies each and every allegation contained therein as relates to Defendant Puskas. Specifically, Defendant Puskas denies willfully, intentionally, knowingly or otherwise infringing on Plaintiff's right to any work, copyrighted or not. In response to allegations against other defendants as alleged in Paragraphs 50 and 51 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to those allegations and, therefore, denies each and every said allegation.

21. In response to Paragraph 52 of the Amended Complaint, Defendant Puskas hereby reaffirms each response previously made to Paragraphs 1 through 51 as if set forth fully herein.

22. In response to Paragraph 53 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

23. In response to Paragraphs 54 and 55 of the Amended Complaint, Defendant Puskas denies each and every allegation contained therein as relates to Defendant Puskas. In response to allegations against other defendants as alleged in Paragraphs 54 and 55 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to those allegations and, therefore, denies each and every said allegation.

24. In response to Paragraph 56 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

25. In response to Paragraphs 57, 58, 59 and 60 of the Amended Complaint, Defendant Puskas denies each and every allegation contained therein as relates to Defendant Puskas.  In response to allegations against other defendants as alleged in Paragraphs 57, 58, 59 and 60 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to those allegations and, therefore, denies each and every said allegation.

26. In response to Paragraph 61 of the Amended Complaint, Defendant Puskas is without sufficient knowledge or information to form a belief as to the allegations set forth therein and, therefore, denies each and every allegation therein.

**AFFIRMATIVE DEFENSES**

27. K-Beech's Work is not copyrightable as the Work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the Work is pornographic, obscene, was created by unlawful conduct, and depicts unlawful activity, and that K-Beech, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct.

28. K-Beech has not mitigated its damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue Digital Millennium Copyright Act (D.M.C.A.) take down notices to the BitTorrent trackers and servers, and/or by continuing to allow the Work to be posted and available online.

29. K-Beech is not entitled to recover statutory damages and attorneys' fees given that K-Beech authorized the Work to be distributed by either its employees and/or agents in

order to entrap or coerce third-parties, and/or that K-Beech is guilty of unclean hands due to its and/or its employees or agents' operation and use of honeypots, and/or the use of a third-party servers or services as honeypots.

WHEREFORE, having fully answered Plaintiff's Amended Complaint as relates to Defendant Marc Puskas, Defendant Puskas hereby requests the Court issue its Order:

A. Dismissing Plaintiff's Complaint as to Defendant Puskas and order that Plaintiff take nothing thereby.

B. Award Defendant Puskas his attorney's fees and costs incurred in defending this action.

C. Award Defendant Puskas such other relief as the court deems just and proper.

## COUNTERCLAIM

### I. Introduction

1. This is a civil action seeking declaratory relief based upon the continuing improper conduct of Plaintiff/Counterdefendant K-Beech, Inc. (hereafter "K-Beech") in harassing Defendant/Counterclaimant Marc Puskas (hereinafter "Puskas") and others like him to settle claims of purported infringement of K-Beech's purported copyrighted works.

### II. Jurisdiction

2. This Court has jurisdiction of this Counterclaim as the facts and circumstances supporting this Counterclaim arise out of the same events, facts and/or circumstances as allegedly supporting K-Beech's claim against Puskas.

3. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101et seq.9. The court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. sections1331 and 1338, and the Declaratory Judgment Act codified at 28 U.S.C. sections 2201

1  and 2202.10. This court has personal jurisdiction over K-Beech because it has submitted itself
2  to the jurisdiction of this court by originally filing its action hereunder against Puskas in this
3  matter.

4     4. Due to K-Beech's having filed the underlying action against Puskas and its
5  ongoing conduct, K-Beech has created an actual and continuing controversy within this Court's
6  jurisdiction such that the court needs to declare the rights and other legal relations of Puskas
7  who is seeking such declarations from the court.

**III. Venue**

5. Venue is proper in this court pursuant to 28 U.S.C. section1400(a) as K-Beech
has alleged Puskas and others have infringed its purported copyrighted work by downloading
such works in the state of Arizona where Puskas and others reside.

6. Venue is also proper in this court as K-Beech has consented to the venue of this
court by filing its underlying action against Puskas in this district and by its conduct which has
created an actual and continuing controversy such that the court needs to declare the rights
and other legal relations of Puskas who is seeking such declarations from the court, and which
is related to this action.

**IV. Factual Allegations**

7. K-Beech has alleged it owns the purported copyright to a motion picture titled
"Virgins 4" (hereinafter "Work") which is purportedly registered with the United States Copyright
Office.

8. K-Beech has alleged copyright infringement of the Work associated with Puskas'
Internet Protocol Address (IPA) occurred on or about July 19, 2011, for the Work and by the
IPA of others residing in the state of Arizona.

9. Puskas is informed and believes, and thereon alleges that, the Work is an adult film considered pornographic and obscene, designed to appeal to the adult prurient interest.

10. Puskas is informed and believes, and thereon alleges that, K-Beech had entered into an agreement with a third-party private investigator and/or employee of K-Beech to log IP addresses that were allegedly transmitting and/or downloading K-Beech's Work via BitTorrent.

11. A BitTorrent tracker is a computer server.

12. A BitTorrent tracker is required to initiate any download of the work.

13. Puskas is informed and believes, and thereon alleges that, K-Beech gave the right to distribute the work to its private investigator and/or employee, otherwise it would not have been able to log the IP addresses.

14. Puskas is informed and believes, and thereon alleges that, K-Beech knew of the IP addresses of the BitTorrent trackers that were being used to distribute the Work.

15. Plaintiff is informed and believes, and thereon alleges that, K-Beech never issued any Digital Millennium Copyright Act (D.M.C.A.) takedown notices to the owners and/or operators of the BitTorrent trackers that were being used to distribute the Work.

16. Puskas is informed and believes, and thereon alleges that, K-Beech never issued any D.M.C.A. takedown notices to the owners and/or operators of the BitTorrent trackers, because it and/or its agents or employees were using them as "honeypots" so that they could continue to log IP address in order to intimidate and coerce the persons to whom the IP addresses where assigned to settle claims of copyright infringement.

17. Puskas is informed and believes, and thereon alleges that, K-Beech knew it could make more money by allowing its Work to continue to be distributed instead of shutting down the BitTorrent trackers.

18. Puskas is informed and believes, and thereon alleges that, K-Beech intentionally and knowingly permitted the Work to be uploaded and/or downloaded and distributed in order to attract, entice, tempt and lure individuals on the internet to unknowingly and unwittingly infringe on K-Beech's rights to the Work.

19. Puskas' internet service provider released his name, address, and telephone number to K-Beech.

20. Puskas is informed and believes, and thereon alleges that, K-Beech knows, and at all times relevant hereto knew, the Work was not copyrightable and therefore K-Beech would not be entitled to recover any statutory or other damages award given that the alleged Work is not subject to protection under the copyright laws of the United States.

21. Puskas is informed and believes, and thereon alleges that, K-Beech's filing of its underlying action herein was and is designed to intimidate and to coerce Puskas into settling the case despite the absence of any facts supporting liability against him.

22. Puskas is informed and believes, and thereon alleges that, the acts and conduct of K-Beech and its agents or employees as described herein was unlawful and/or improper.

23. Article I, Section 8, Clause 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: —To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

24. Thus, copyright is authorized only for works which promote the progress of science and the useful arts.

25. Puskas is informed and believes, and thereon alleges that, K-Beech's Work is obscene, pornographic and does not promote the progress of science and the useful arts and, thus, cannot be protected by copyright.

26. Puskas is informed and believes, and thereon alleges that, to create the Work, K-Beech and its agents and/or its employees violated laws which prohibited pimping, pandering, solicitation and prostitution, including any claims of conspiracy.

27. K-Beech's work is not copyrightable.

## V. Cause of Action for Declaratory Relief and/or Judgment that Puskas is not liable to K-Beech for Copyright Infringement

28. Puskas realleges and incorporates by this reference as though fully stated herein, Paragraphs 1 through 27 above.

29. K-Beech has abused and misused the Court system to systematically coerce and intimidate Puskas and those similarly situated to settle claims of copyright infringement despite the absence of any facts supporting liability against Puskas and those similarly situated.

30. K-Beech has abused and misused the Court system to systematically coerce and intimidate Puskas and those similarly situated to settle claims of copyright infringement of K-Beech's Work which K-Beech intentionally and knowingly caused to be placed on a BitTorrent tracker server for the sole purpose of logging IP addresses.

31. K-Beech failed to take steps to protect its interest and right to the Work, if any, by failing to issue D.M.C.A. takedown notices to the owners and/or operators of the BitTorrent trackers, because K-Beech and/or its employees or agents were using them as "honeypots" so that they could continue to log IP address in order to coerce Puskas and those similarly situated to settle copyright infringement claims.

## VI. Prayer for Relief

Puskas seeks relief against K-Beech on his Counterclaim and requests the Court issue its order(s) as follows:

1  A.  Declaring that Puskas is not liable to K-Beech for copyright infringement, and/or has not infringed K-Beech's copyrights, if any;

B.  Declaring that K-Beech's Work is not copyrightable and striking K-Beech's copyright registration as the Work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is pornographic, obscene, was created by unlawful conduct, and depicts unlawful activity, and that K-Beech, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct;

C.  Declaring that K-Beech has not mitigated its damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue Digital Millennium Copyright Act (D.M.C.A.) take down notices to the BitTorrent trackers, and/or by continuing to allow the Work to be posted and available online;

D.  Declaring that K-Beech is not entitled to recover statutory damages and attorneys' fees;

E.  Declaring that no infringement has occurred given that K-Beech authorized the Work to be distributed by either its employees and/or agents, and/or that K-Beech is guilty of unclean hands due to its and/or its employees or agents' operation and use of honeypots, and/or the use of a third-party's services as "honeypots;"

F.  Awarding Puskas his costs and attorneys' fees as provided by law, including but not limited to U.S.C. section 505;

G.  Awarding and entering judgment in favor of Puskas and against K-Beech; and,

H.  Awarding Puskas such other and further relief as the Court deems just and proper.

**VII.     Demand for Jury Trial**

Puskas demands a jury trial for all issues triable by jury.

Dated and respectfully submitted this 29th day of February, 2012.

/s/ Richard H. Flaaen
Attorney for Defendant Marc Puskas
Richard H. Flaaen
AZ Bar No. 007386
Law Office of Richard H. Flaaen
20280 N. 59th Avenue, Ste. 115-738
Glendale, AZ  85308
Telephone: (623) 826-4735
Email: rflaaen@aol.com

I hereby certify that on February 29, 2012, I electronically
transmitted the attached Document to the Clerk's Office using
the CM/ECF System for filing and transmittal of a Notice of Electronic
Filing to the following CM/ECF registrants:

Ryan J. Stevens, AZ Bar No. 026378
Attorney for Plaintiff

/s/ Richard H. Flaaen
Attorney for Defendant Marc Puskas

## **VERIFICATION OF ANSWER AND COUNTERCLAIM**

I, Marc Puskas, am a Defendant and Counterclaimant in the matter of K-Beech, Inc. vs. Marc Puskas, et. al., United States District Court for the District of Arizona, No. 2:11-cv-01601-FJM. I have read the Answer to Plaintiff's Complaint and the Counterclaim and know the contents thereof. I declare under perjury that the allegations contained in the Answer and Counterclaim are, to the best of my knowledge, information and belief, true and correct.

Executed this 29th day of February, 2012.

                                               /s/ Marc Puskas
                                                   Marc Puskas